IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-129-MOC-DCK

| | |
|---|---|
| ANGELA GORDON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **MEMORANDUM AND** |
| DENNIS H. NEWSON, | ) **RECOMMENDATION** ) ) |
| Defendant. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Remand To State Court" (Document No. 2) filed May 12, 2015. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion to remand be granted.

## BACKGROUND

Plaintiff Angela Gordon ("Gordon" or "Plaintiff") initiated this lawsuit with the filing of her "Complaint" (Document No. 1-1, p.10) in the Union County District Court Division – Small Claims, on December 9, 2014. The Complaint asserts that "the defendant failed to pay the rent due on the above date and the plaintiff made demand for the rent and waited the 10-day grace period before filing the complaint." (Document No. 1-1, p.10).

Defendant filed a "Notice Of Removal" (Document No. 1) with this Court on March 18, 2015. Defendant contends that removal to federal court is appropriate based on *res judicata* and federal question. (Document No. 1, pp.1-3).

Plaintiff's pending "Motion To Remand" (Document No. 2) was filed on May 12, 2015. The undersigned issued an "Order" (Document No. 3) on June 1, 2015 advising Defendant of his right to respond to the pending motion on or before June 15, 2015. The Court further advised Plaintiff "[t]hat failure to file a timely and persuasive response will likely lead to remand." (Document No. 3). To date, no response has been filed, and the time to do so has lapsed.

The pending motion is ripe for review, and a recommendation to the Honorable Max O. Cogburn, Jr. is appropriate.

## STANDARD OF REVIEW

> A civil action which is brought in state court, but over which the federal courts have original jurisdiction, may be removed by a defendant to the district court embracing the place where the action is pending. 28 U.S.C. § 1441(a). A motion to remand for lack of subject matter jurisdiction may be brought at any time. 28 U.S.C. § 1447(c); Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996). . . .
>
> Unless a case involves specialized issues, federal district courts may assert jurisdiction either on the basis of diversity of citizenship, 28 U.S.C. § 1332, or the existence of a federal question. 28 U.S.C. § 1331. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).

Trustee Servs. Of Carolina, LLC v. Daragjati, 2014 WL 1379530, at *1 (E.D.N.C. Apr. 8, 2014).

## DISCUSSION

Plaintiff asserts that remand is appropriate here because this Court lacks subject matter jurisdiction over this matter. (Document No. 2, p.1). Plaintiff notes that Defendant suggests his constitutional rights to due process and equal protection have been, or will be, violated in the underlying state court action – which has yet to be concluded. (Document No. 2, p.2). Moreover, Plaintiff argues that Defendant's removal to this Court was procedurally defective. (Document No. 2, pp.2-3).

The undersigned observes that the crux of Defendant's removal seems to be his objection to Plaintiff appealing a decision by the Small Claims Court, to the District Court of Union County, North Carolina. (Document No. 1, p.1; Document No. 1-1, pp.4, 7). Specifically, Defendant suggests that Plaintiff's "Notice Of Appeal To District Court" (Document No. 1-1, p.4) and/or the Union County District Court's "Notice Of Hearing" (Document No. 1-1, p.3) somehow violate his rights.

The undersigned is not persuaded that this Court has subject matter jurisdiction over this dispute, and Defendant has declined to file *any* response explaining why this matter should proceed before this Court. See (Document No. 3). In short, Plaintiff has failed to adequately show that there is diversity jurisdiction or a federal question presented.

It appears that Defendant may be fairly characterized as a "state-court loser" complaining of an injury caused by a state-court judgment. As such, this Court lacks jurisdiction. See Goodson v. Maggi, 797 F.Supp.2d 624, 632 (W.D.Penn. 2011) (citing Exxon Mobil Corp. v Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005); see also Davani v. Virginia Dept. of Transp., 434 F.3d 712, 718719 (applying Rooker-Feldman Doctrine and holding that an alleged injury based on state judgment, seeking review and reversal of that judgment is "inextricably intertwined" with state judgment and bars a federal claim); and Jones v. Curran, 3:11-CV- 037-RJC-DLH, 2011 WL 4402669, at *2 (W.D.N.C. Sept. 21, 2011).

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Plaintiff's "Motion To Remand To State Court" (Document No. 2) be **GRANTED**.

**TIME FOR OBJECTIONS**

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: August 19, 2015

David C. Keesler
United States Magistrate Judge